**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| **Martin A. Thomas,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No.  9:23-cv-80798-DMM** |
| : | |
| **v.** : | |
| : | |
| **Limitless Credit Repair LLC,** : | |
| : | |
| **Defendant.** : | |
| : | |

**MOTION FOR DEFAULT FINAL JUDGMENT AS TO**
**PLAINTIFF AND THE CLASS**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Martin A. Thomas moves for a Judgement by Final Default against Defendant Limitless Credit Repair LLC ("Limitless"), for its failure to respond to Plaintiff's Class Action Complaint (the "Complaint").

**Background and Procedure**

1.      On May 19, 2023, Plaintiff filed his Complaint alleging that Limitless violated multiple provisions of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq*. ("CROA"). [See ECF Doc No. 1]

2.      Limitless is a business entity and cannot be considered a minor or incompetent person.

3.      In the Complaint, it was also alleged that a putative class of people similar to Plaintiff was harmed by the wrongdoing of Limitless, and that group of people should be certified as a class pursuant to Fed. R. Civ. P. 23.

4.      On June 22, 2023, Limitless was served with the Complaint. [See ECF Doc No.

9]

5.      On July 12, 2023, Austin Charbonneau, owner of Limitless, attempted to represent Limitless without counsel, and filed an Affidavit which appeared to be some kind of response to Plaintiff's Complaint. [See ECF No. 11]

6.      On July 18, 2023, the Court issued an order striking the Affidavit as a business is not permitted to proceed *pro se* without counsel. [See ECF No. 12] The Order also provided Limitless with an extension of time to respond to the Complaint until July 27, 2023.

7.      No answer or response of any kind has been filed by Defendant to Plaintiff's Complaint.

8.      No extension of time was sought by Defendant.

9.      A default was entered against the Defendant by the Clerk on August 2, 2023. [See ECF No. 17]

10.     Plaintiff has filed a declaration with this motion supporting the allegations in the Complaint and establishing grounds for the entry of a Final Default Judgement, attached hereto as **Exhibit "A"** to the Declaration of Richard Kim, which is attached as **Exhibit "1"**.

11.     On August 24, 2023, Plaintiff filed his motion for class certification. [See ECF No. 21]

12.     To date, no counsel has entered its appearance on behalf of Defendant.

13.     There has been no response by Defendant to Plaintiff's Complaint or any of Plaintiff's motions.

### **Standard for Entering Default Judgment**

14.     Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party that has failed to answer a complaint.

15.     The Eleventh Circuit maintains a "strong policy of determining cases on their merits and . . . therefore view[s] defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

16.     Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. See, e.g., Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 910 (11th Cir. 2011); Dawkins v. Glover, 308 F. App'x 394, 395 (11th Cir. 2009); In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); see also Owens v. Benton, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

17.     A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007).

18.     Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief").

19.     Stated differently, "a default judgment cannot stand on a complaint that fails to

state a claim." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Therefore, before granting default judgment, "the district court must ensure that the well-pleaded

allegations of the complaint…actually state a cause of action and that there is a substantive,

sufficient basis in the pleadings for the particular relief sought." <u>Tyco Fire & Security, LLC v.</u>

<u>Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007).

### **Defendant Violated Multiple Provisions of CROA**

20.     In 1993, testimony before the Senate confirmed that:

> [f]raudulent companies that lead consumers to believe that the
> companies can 'repair' bad credit histories have bilked consumers
> of millions of dollars in the past several years, have caused
> consumer reporting agencies to waste time and money
> reinvestigating spurious disputes, and have been the focus of
> numerous enforcement actions by the FTC.

S. Rep. No. 103-209, at 7-8 (1993).

21.     Based upon these and other findings, in 1996 Congress enacted the Credit Repair

Organization Act ("CROA"). Kelley, 57 CONSUMER FIN. L.Q. REP. at 50. The goal of the

CROA is to prevent credit repair organizations from misleading consumers as to their rights and

liabilities connected with their credit history. <u>See</u> generally <u>id</u>.

22.     To accomplish its goal and ensure that credit repairs organizations do not mislead

unsophisticated consumers, the CROA mandates specific procedures that credit repair

organizations must follow, information that they must disclose, and prohibits them from engaging

in deceptive practices. See generally §§ 1679a-1679e.

23.     For example, a credit repair organization may not accept payment from any

consumer before the promised service is completed. § 1679b(b).

24.     In addition, before entering into a contract with a consumer, a credit repair

organization must provide the consumer with a written statement outlining the consumer's rights.

§ 1679c(a). "The CROA also requires that certain information be contained in any credit repair contract and provides the minimum time within which the customer may cancel his or her contract. §§ 1679d-1679e." Helms v. Consumerinfo.com, Inc., 436 F. Supp. 2d 1220, 1228-29 (N.D. Ala. 2005). A contract that violates any provision of the CROA shall be treated as void. See 15 U.S. Code § 1679f(c).

25.     Additionally, the CROA provides for actual damages, punitive damages, and attorneys' fees. See 15 U.S. Code § 1679g(a)(1), (2) and (3).  In a class action context, the CROA provides that damages may be awarded in the sum of: (i) the aggregate of the amount which the court may allow for each named plaintiff; and (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery. See 15 U.S. Code § 1679g(a)(2)(B)(i), (ii).

26.     Because Defendant has not answered the Complaint, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." Ordonez v. Icon Sky Holdings LLC, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).

27.     Here, the Complaint and the Record in this case confirm that the allegations are well-pled, and Plaintiff has established his claims against Defendant for the CROA violations alleged.

28.     Limitless is a credit repair organization.

29.     Limitless advertises itself online as a credit repair service, which is how Plaintiff (Ohio resident) learned of its existence.

30.     Limitless offered its credit repair services to Plaintiff and putative class members through form contracts that violate the specific provisions of the CROA. (See Plaintiff's

Declaration generally, attached as **Exhibit "A"** to the Declaration of Richard Kim)

31.     The form contract entered into by Plaintiff and putative class members violated the CROA because it: required an up-front payment (violation of 15 U.S.C. § 1679b(b)); included a waiver of liability for a cause of action under the CROA (violation of 15 U.S.C. § 1679f(b)); failed to disclose the total amount of payments necessary for the services to be completed (violation of 15 U.S.C. § 1679d(b)(1)); failed to disclose an estimated length of time necessary to perform the credit repair services (violation of 15 U.S.C. § 1679d(b)(2)(B)(i)); failed to include a notice of cancellation in bold conspicuous type face in immediate proximity to the space reserved for the consumer's signature on the contract (violation of 15 U.S.C. § 1679d(b)(2)(4)); and failed to include a duplicate form notice of cancellation, or one that is separate from the Credit Repair Contract (violation of 15 U.S.C. § 1679e(b)).

32.     Wherefore, Plaintiff on behalf of himself and the putative class (discussed further in Plaintiff's Motion for Class Certification) seeks default final judgment against the Defendant as a result of the failure to respond.

**THE KIM LAW FIRM, LLC**

BY:     */s/ Richard H. Kim*
         Richard Kim, Esquire
         (admitted *Pro Hac Vice*)
         1635 Market St., Suite 1600
         Philadelphia, PA 19103
         Ph. 855-996-6342/Fax 855-235-5855
         rkim@thekimlawfirmllc.com

BY:    */s/ Bryant H. Dunivan Jr.*
        Bryant H. Dunivan Jr., Esquire
        Fla. Bar No.:102594
        MI P. No.:85206
        301 W. Platt St.,
        Tampa, FL 33606
        Ph: 813-252-0239
        bryant@theconsumerprotectionattorney.com

        *Attorneys for Plaintiff Martin Thomas*

Date: September 1, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing attached document was caused to be served via first class regular mail on the Defendant in this matter at the address listed below:

Limitless Credit Repair LLC
1825 NW Corporate Blvd, Suite 110
Boca Raton, FL 33431

By:   */s/ Richard Kim*
Richard Kim, Esquire

Dated:   September 1, 2023

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| Martin A. Thomas, | : |
| | : |
| Plaintiff, | :    Civil Action No.  9:23-cv-80798-DMM |
| | : |
| v. | : |
| | : |
| Limitless Credit Repair LLC, | : |
| | : |
| Defendant. | : |
| | : |

**DECLARATION IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGEMENT**

I, Richard Kim, declare and state as follows:

1.      I am co-counsel for Plaintiff Martin Thomas in this putative class action matter and I am familiar with the file, records, and pleadings in this matter.

2.      On May 19, 2023, Plaintiff filed his Complaint alleging that Defendant Limitless Credit Repair LLC ("Limitless") violated multiple provisions of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq*. ("CROA").  [See ECF Doc No. 1]

3.      In the Complaint it is alleged that there is a class of people similarly situated to Plaintiff who were also harmed by Defendant's violations of the CROA. [See ECF Doc No. 1]

4.      On June 22, 2023, Defendant Limitless was served with the Complaint. [See ECF Doc No. 9]

5.      On July 12, 2023, Austin Charbonneau, owner of Limitless, attempted to represent Limitless without counsel, and filed an Affidavit which appeared to be some kind of response to Plaintiff's Complaint. [See ECF No. 11]

6.      On July 18, 2023, the Court issued an order striking the Affidavit as a business is

not permitted to proceed *pro se* without counsel.  The Order also provided Limitless with an extension of time to respond to the Complaint until July 27, 2023. [See ECF No. 12]

7.      No answer or response of any kind has been filed by Defendant to Plaintiff's Complaint.

8.      A default was entered by the Clerk against the Defendant on August 2, 2023. [See ECF No. 17]

9.      On August 24, 2023, Plaintiff filed his motion for class certification. [See ECF No. 21]

10.     To date, no counsel has entered its appearance on behalf of Defendant.

11.     There has been no response by Defendant to Plaintiff's Complaint or any of Plaintiff's motions.

12.     Wherefore, Plaintiff on behalf of himself and the putative class, seeks default final judgment against the Defendant as a result of the failure to respond.


I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.


BY:     */s/ Richard H. Kim*
        Richard Kim, Esquire


Date: September 1, 2023

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| Martin A. Thomas, | : |
| Plaintiff, | : Civil Action No. 9:23-cv-80798-DMM |
| v. | : |
| Limitless Credit Repair LLC, | : |
| Defendant. | : |

## DECLARATION OF MARTIN A. THOMAS

I, MARTIN A. THOMAS, declare under penalty of perjury as follows:

1. I am the Plaintiff in the above-captioned proceeding.

2. I am a citizen and resident of Rocky River, Ohio.

3. I am over the age of 18, am personally familiar with, and have personal knowledge of the facts contained herein, which I could and would testify competently thereto.

4. This Declaration is in support of the motion for final default judgment (the "Motion") on behalf of myself individually and those similarly situated.

5. I understand that, through my attorneys', I am pursuing a class action matter on behalf of myself and others similarly situated who were harmed by Defendant Limitless Credit Repair LLC ("Limitless").

6. I first learned of Limitless in May 2022 online through the website/app called TikTok while I was residing in Ohio. In the online marketing information that I saw, Limitless

7.    Relying on what Limitless claimed, on or about April 2022, I entered into a contract (the "Contract") for credit repair services with Limitless.  That contract is attached to this Declaration.

8.    The Contract required an upfront payment of $249.

9.    The Contract included a clause that attempted to waive its liability for claims, including that under CROA.

10.   The Contract failed to include the total number of payments or amount that I would need to make for the completion of credit repair services by Limitless.

11.   The Contract failed to include an estimate of the amount of time it would take for the completion of credit repair services.

12.   The Contract did not include a conspicuous statement in bold face type informing me of my right to cancel the Contract.

13.   The Contract did not include a duplicate form notice of my right for cancellation.

14.   Limitless failed to improve my credit or provide any meaningful credit repair services as it had promised.

15.   I understand that default is being requested in this matter because Limitless has failed to file a response to the Complaint.

16.   I am seeking default not only on behalf of myself, but also those similarly situated to me.

17.   Between April 2022 and July 2022, I have spent a total of approximately $447 with Limitless.

18. I am seeking not only reimbursement of the $447 that I spent, but also punitive damages and attorneys' fees.

19. I am also seeking any other relief that the Court may deem appropriate.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

BY:

Martin A. Thomas

*Plaintiff*

Executed on August 31, 2023

Rocky River, Ohio

**Limitless Credit Repair LLC**
5646 37th Street
Vero Beach, Florida 32966

Prepared for:

Martin Thomas
6110 Denison Avenue Apartment 2
Cleveland, Ohio 44102
06/29/1994

05/03/2022

The following pages contain:

1. Credit Repair Service Agreement
2. Authorization for Credit Repair Action
3. Consumer Credit File Rights (CROA Disclosure)
4. Right Of Cancellation Notice
5. State Specific Disclosures (add if applicable)


**Credit Repair Service Agreement for Martin Thomas**

I, Martin Thomas, hereby enter into the following agreement with Limitless Credit Repair LLC.

Limitless Credit Repair LLC hereby agrees to perform the following:
   a. To evaluate Customer's current credit reports as listed with applicable credit reporting agencies and to
      identify inaccurate, erroneous, false, or obsolete information. To advise Customer as to the necessary
      steps to be taken on the part of Customer in conjunction with Our Company, , to dispute any inaccurat
      e, erroneous, false or obsolete information contained in the customer's credit reports.
   b. To prepare all necessary correspondence in dispute of inaccurate, erroneous, false, or obsolete inform
      ation in customer's credit reports.
   c. To review credit profile status from the credit reporting agencies such as: Experian, Equifax and Transu
      nion.  Consulting, coaching, and monitoring services are conducted by personal meetings, webinars, vi
      deo conferencing, telephone, email, or by any other form of communication during normal business h
      ours.

In exchange, I, Martin Thomas, agree to pay the following fees as outlined in the following fee schedule:
   1. $249 At signup for document processing
   2. $99 At the start of each new month of service.


**Authorization for Credit Repair Action**

1. I, Martin Thomas, hereafter known as "client" hereby authorize, Limitless Credit Repair LLC, 5646 37th Str
eet, Vero Beach, Florida 32966, to make, receive, sign, endorse, execute, acknowledge, deliver, and possess s

uch applications, correspondence, contracts, or agreements, as necessary to improve my credit. Such instruments in writing of whatever and nature shall only be effective for any or all of the three credit reporting agencies which are TransUnion, Experian, Equifax, and any other reporting agencies or creditor's listed, as may be necessary or proper in the exercise of the rights and powers herein granted.

2. This authorization may be revoked by the undersigned at any time by giving written notice to the party authorized herein. Any activity made prior to revocation in reliance upon this authorization shall not constitute a breach of rights of the client. If not earlier revoked, this authorization will automatically expire twelve months from the date of signature.

3. The party named above to receive the information is not authorized to make any further release or disclosure of the information received. This authorization does not authorize the release or disclosure of any information except as provided herein.

4. I grant to Limitless Credit Repair LLC, 5646 37th Street, Vero Beach, Florida 32966, authority to do, take, and perform, all acts and things whatsoever requisite, proper, or necessary to be done, in the exercise of repairing my credit with the three credit reporting agencies, which are TransUnion, Experian, Equifax and any other reporting agencies or creditor's listed, as fully for all intents and purposes as I might or could do if personally present.

5. I hereby release Limitless Credit Repair LLC, 5646 37th Street, Vero Beach, Florida 32966, from all and all matters of actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and demands whatsoever in law or equity, for or by reason of any matter, cause, or thing whatsoever as based on the circumstances of this contract.

**Consumer Credit File Rights Under State and Federal Law**

You have a right to dispute inaccurate information in your credit report by contacting the credit bureau directly. However, neither you nor a credit repair company or credit repair organization has the right to have accurate, current and verifiable information removed from your credit report. The credit bureau must remove accurate, negative information from your report only if it is over 7 years old. Bankruptcy information can be reported up to 10 years.

You have a right to obtain a copy of your credit report from a credit bureau. You may be charged a reasonable fee. There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days. The credit bureau must provide someone to help you interpret the information in your credit file. You are entitled to receive a free copy of your credit report if you are unemployed and intend to apply for employment in the next 60 days, if you are a recipient of public welfare assistance, or if you have reason to believe that there is inaccurate information in your credit report due to fraud.

You have a right to sue a credit repair organization that violated the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations.

You have the right to cancel your contract with any credit repair organization for any reason within 3 business days from the date you signed it.

Credit bureaus are required to follow reasonable procedures to ensure that the information they report is accurate. However, mistakes may occur.

You may, on your own, notify a credit bureau in writing that you dispute that accuracy of information in your credit file. The credit bureau must then reinvestigate and modify or remove inaccurate or incomplete inform ation. The credit bureau may not charge any fee for this service. Any pertinent information and copies of all d ocuments you have concerning an error should be given to the credit bureau.

If the credit bureau's reinvestigation does not resolve the dispute to your satisfaction, you may send a brief s tatement to the credit bureau to be kept in your file, explaining why you think the record is inaccurate. The cr edit bureau must include a summary of your statement about disputed information with any report it issues about you.

The Federal Trade Commission regulates credit bureaus and credit repair organizations. For more informatio n contact: The Public Reference Branch Federal Trade Commission Washington, D.C. 20580.

**Notice of Right to Cancel**

**"You may cancel this contract, without any penalty or obligation, at any time before midnight of the 3rd day which begins after the date the contract is signed by you.**
"To cancel this contract, mail or deliver a signed, dated copy of this cancellation notice, or any other written n otice to Limitless Credit Repair LLC, 5646 37th Street, Vero Beach, Florida 32966, before midnight on the 3rd day which begins after the date you have signed this contract stating "I hereby cancel this transaction, (date) (purchaser's signature)."

Please acknowledge your receipt of this notice by electronically signing the form indicated below.

**Acknowledgment of Receipt of Notice**

I, Martin Thomas,  hereby acknowledge with my digital signature, receipt of the Notice of Right to Cancel. I co nfirm the fact that I agree and understand what I am signing, and acknowledge that I have received a copy of my Consumer Credit File Rights.

**\*Digital Signatures:** In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act est ablished electronic records and signatures as legally binding, having the same legal effects as traditional pap er documents and handwritten signatures. Read more at the FTC web site: http://www.ftc.gov/os/2001/06/esi gn7.htm (http://www.ftc.gov/os/2001/06/esign7.htm)

**My Digital Signature:**

**Martin Thomas,    May 03, 2022**

**Digital Signature:**

Client Name: Martin Thomas
Email: mthom0629@gmail.com

Phone:
Address: 6110 Denison Avenue Apartment 2
Verified receipt and agreed: Yes
Timestamp: 05/03/2022224
IP Address: 76.92.32.213

**\*Digital Signatures:** In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act established electronic records and signatures as legally binding, having the same legal effects as tradition al paper documents and handwritten signatures. Read more at the FTC web site: http://www.ftc.gov/os/20 01/06/esign7.htm (http://www.ftc.gov/os/2001/06/esign7.htm)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Martin A. Thomas,

                  Plaintiff,

v.

Limitless Credit Repair LLC,

                  Defendant.

Civil Action No.  9:23-cv-80798-DMM

## ORDER GRANDING MOTION FOR DEFAULT FINAL JUDGMENT AS TO PLAINTIFF AND THE CLASS

**THIS CAUSE** is before the Court upon Plaintiff Martin A. Thomas's Motion for Default Final Judgment, ECF No.  On May 19, 2023, Plaintiff filed his Complaint alleging that Limitless Credit Repair LLC ("Limitless") violated multiple provisions of the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. ("CROA").  [See ECF No. 1]   In the Complaint, it was also alleged that a putative class of people similar to Plaintiff was harmed by the wrongdoing of Limitless, and that group of people should be certified as a class pursuant to Fed. R. Civ. P. 23.  On June 22, 2023, Limitless was served with the Complaint. [See ECF No. 9]  On July 12, 2023, Austin Charbonneau, owner of Limitless, attempted to represent Limitless without counsel, and filed an Affidavit which appeared to be some kind of response to Plaintiff's Complaint. [See ECF No. 11] On July 18, 2023, the Court issued an order striking the Affidavit as a business is not permitted to proceed *pro se*. [See ECF No. 12] The Order also provided Limitless with an extension of time to respond to the Complaint until July 27, 2023.  No answer or response of any kind has been filed by Defendant to Plaintiff's Complaint.  No extension of time was sought by Defendant.  On July 28, 2023, a scheduling order (the "Scheduling Order") was issued providing for, among other

things, that all discovery be completed by November 30, 2023. [<u>See</u> ECF No. 15] A default was entered against the Defendant by the Clerk on August 2, 2023. [<u>See</u> ECF No. 17] On August 24, 2023, Plaintiff filed his motion for class certification. [<u>See</u> ECF No. 21] To date, no counsel has entered its appearance or a response to the Complaint on behalf of Defendant. Plaintiff now moves for default final judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). For the following reasons, Plaintiff's Motion is **<u>GRANTED</u>**.

## I.    STANDARD FOR ENTERING DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party that has failed to answer a complaint. The Eleventh Circuit maintains a "strong policy of determining cases on their merits and . . . therefore view[s] defaults with disfavor." <u>In re Worldwide Web Systems, Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. <u>See, e.g.</u>, <u>Tara Prods., Inc. v. Hollywood Gadgets, Inc.</u>, 449 F. App'x 908, 910 (11th Cir. 2011); <u>Dawkins v. Glover</u>, 308 F. App'x 394, 395 (11th Cir. 2009); <u>In re Knight</u>, 833 F.2d 1515, 1516 (11th Cir. 1987); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985); <u>Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.</u>, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); <u>see also</u> <u>Owens v. Benton</u>, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." <u>Capitol Records v. Carmichael</u>, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," <u>Pitts ex rel. Pitts v. Seneca Sports, Inc.</u>, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the

defaulted defendant as to the well-pleaded allegations of fact in the complaint. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Security, LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007).

## II.   DISCUSSION

In 1993, testimony before the Senate confirmed that:

> [f]raudulent companies that lead consumers to believe that the companies can 'repair' bad credit histories have bilked consumers of millions of dollars in the past several years, have caused consumer reporting agencies to waste time and money reinvestigating spurious disputes, and have been the focus of numerous enforcement actions by the FTC.

S. Rep. No. 103-209, at 7-8 (1993).

Based upon these and other findings, in 1996 Congress enacted the Credit Repair Organization Act ("CROA"). Kelley, 57 CONSUMER FIN. L.Q. REP. at 50. The goal of the CROA is to prevent credit repair organizations from misleading consumers as to their rights and liabilities connected with their credit history. See generally id.

To accomplish its goal and ensure that credit repairs organizations do not mislead

unsophisticated consumers, the CROA mandates specific procedures that credit repair organizations[1] must follow, information that they must disclose, and prohibits them from engaging in deceptive practices. See generally §§ 1679a-1679e. For example, a credit repair organization may not accept payment from any consumer before the promised service is completed. § 1679b(b). In addition, before entering into a contract with a consumer, a credit repair organization must provide the consumer with a written statement outlining the consumer's rights. § 1679c(a). "The CROA also requires that certain information be contained in any credit repair contract and provides the minimum time within which the customer may cancel his or her contract. §§ 1679d-1679e." Helms v. Consumerinfo.com, Inc., 436 F. Supp. 2d 1220, 1228-29 (N.D. Ala. 2005).

A contract that violates any provision of CROA shall be treated as void. See 15 U.S. Code § 1679f(c). Additionally, the CROA provides for actual damages, punitive damages, and attorneys' fees. See 15 U.S. Code § 1679g(a)(1), (2) and (3). In a class action context, the CROA provides that damages may be awarded in the sum of: (i) the aggregate of the amount which the court may allow for each named plaintiff; and (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery. See 15 U.S. Code § 1679g(a)(2)(B)(i), (ii).

Because Defendant has not answered the Complaint, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." Ordonez v. Icon Sky Holdings LLC, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint and the record in this case, the Court finds the allegations well-pled, and concludes that through his pleadings, Plaintiff has established his claims

---

[1]     15 U.S.C. § 1679a(3) defines a credit repair organization as "any person who uses any instrumentality of interstate commerce…to sell, provide, or perform (or represent that such persona can or will sell, provide, or perform) any service, in return for the payment of money…for the…purpose of – (i) improving any consumer's credit…"

against Defendant for the CROA violations alleged.

Here, Limitless is a credit repair organization. Limitless advertises itself online as a credit repair service, which is how Plaintiff (Ohio resident) learned of its existence. Limitless offered its credit repair services to Plaintiff and putative class members through form contracts that violate the specific provisions of the CROA. The form contract entered into by Plaintiff and putative class members violated the CROA because it required an up-front payment (violation of 15 U.S.C. § 1679b(b)); included a waiver of liability for a cause of action under the CROA (violation of 15 U.S.C. § 1679f(b)); failed to disclose the total amount of payments necessary for the services to be completed (violation of 15 U.S.C. § 1679d(b)(1)); failed to disclose an estimated length of time necessary to perform the credit repair services (violation of 15 U.S.C. § 1679d(b)(2)(B)(i)); failed to include a notice of cancellation in bold conspicuous type face in immediate proximity to the space reserved for the consumer's signature on the contract (violation of 15 U.S.C. § 1679d(b)(2)(4)); and failed to include a duplicate form notice of cancellation, or one that is separate from the Credit Repair Contract (violation of 15 U.S.C. § 1679e(b)). Further, Limitless has admitted to the existence of form contracts that it used to violate the rights of the class through its failure to respond.

### III.   CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Default Final Judgment, ECF No. 22, is GRANTED.

2. Pursuant to Fed. R. Civ. P. 58, the Court will separately enter Default Final Judgment on behalf of Plaintiff and the putative class members.

3. The Court will separately enter an order scheduling a hearing for damages relating to Plaintiff and the class members.

DONE   AND   ORDERED,   in   chambers   in   West   Palm   Beach,   Florida,   on

_____.



_____
The Honorable Donald M. Middlebrooks